# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0312V

| | |
|---|---|
| LAYNE DU VIVIER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 13, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 8, 2021, Layne Du Vivier filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On July 26, 2022, she filed an amended petition. ECF No. 19. Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a human papillomavirus vaccine on September 6, 2020. Amended Petition at 1, ¶¶ 1, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 24, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 13, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,654.00, representing $60,000.00 for pain and suffering and $654.00 for past unreimbursable

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,654.00, representing $60,000.00 for pain and suffering and $654.00 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*************************************
LAYNE DU VIVIER,                     *
                                     *
            Petitioner,              *     No. 21-312V
                                     *     Chief Special Master Corcoran
v.                                   *
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
            Respondent.              *
*************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 8, 2021, Layne Du Vivier ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a human papillomavirus ("HPV") vaccine she received on September 6, 2020.[1]  Petition at 1.  On January 23, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 36; ECF No. 37.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] Petitioner filed an Amended Petition on July 26, 2022.  ECF No. 19.  The Amended Petition provided further details regarding petitioner's case, but petitioner did not allege any new claims.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $654.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $60,654.00, in the form of a check payable to petitioner.

**III.**    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Layne Du Vivier:   **$60,654.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

2

3

                        HEATHER L. PERLMAN
                        Deputy Director
                        Torts Branch, Civil Division

                        COLLEEN C. HARTLEY
                        Assistant Director
                        Torts Branch, Civil Division

                        <u>S/ Debra A. Filteau Begley</u>
                        DEBRA A. FILTEAU BEGLEY
                        Senior Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146 Benjamin Franklin Station
                        Washington D.C. 20044-0146
                        Tel: (202)616-4181
Dated: <u>May 13, 2024</u>          Debra.Begley@usdoj.gov